# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:17-cr-506-T-24AAS

KELLIS D. JACKSON,

    Defendant.
_____/

## O R D E R

**THIS CAUSE** comes before the Court on Defendant's Motion to Withdraw Guilty Plea. (Doc. 69). The Government opposes the Motion, but did not file any written opposition. The Court, having now conducted a hearing on the Motion on June 29, 2018, finds that there is no fair and just reason for withdrawing the guilty plea and that Defendant's Motion must be denied.

On January 17, 2018, Defendant entered a guilty plea before the Magistrate Judge to Count One of the Indictment, which charged him with willfully and knowingly making a false statement in an application for a passport with intent to induce and secure for his own use the issuance of a passport in violation of 18 U.S.C. § 1542. (Doc. 30). The Court then accepted that plea on January 18, 2018. (Doc. 34). On June 21, 2018, Defendant filed, through appointed counsel, the instant Motion to Withdraw Guilty Plea. (Doc. 69). That same day, the Magistrate Judge granted Defendant's counsel's Motion to Withdraw as Counsel and appointed him as standby counsel for purposes of sentencing only. (Doc. 72). Defendant then supplemented the pending Motion to Withdraw Guilty Plea by filing two *pro se* notices that seek to set aside the plea for lack of a factual basis. (Doc. Nos. 74, 75).

After the district court has accepted a plea and before sentencing, a defendant may

withdraw a guilty plea if "[he] can show a fair and just reason for requesting the withdrawal." *U.S. v. Brehm*, 442 F. 3d 1291, 1298 (11th Cir. 2006) (citing Fed. R. Crim. P. 11(d)(2)(B)). "In determining whether the defendant has met his burden to show a 'fair and just reason,' a district court 'may consider the totality of the circumstances surrounding the plea.'" *Id.* (citation omitted). In the course of this inquiry, the district court considers four factors, only two of which are relevant to the motion at hand: (1) whether close assistance of counsel was available and (2) whether the plea was knowing and voluntary. (*Id.*) The decision to allow withdrawal is left to the sound discretion of the court. *U.S. v. Buckles*, 843 F.2d 469 (11th Cir. 1988) (citations omitted).

There is no question that Defendant had the close assistance of counsel at the time of his guilty plea. He asserts two reasons for withdrawing his plea, both of which challenge its knowing and voluntary nature. First, he asserts that his plea was not entered knowingly and voluntarily because at the time of his guilty plea he was not aware that an individual has a common law right to change his name. He argues that this defense renders him innocent of the charged offense. Second, he raises the issue of his declining mental health at the time of his guilty plea. Defendant fails to meet his burden to show that either argument is a fair and just reason for allowing the withdrawal of his plea.

While it is true that an individual may adopt any name he wishes, this right comes with the caveat that the name change must not be done for fraudulent purposes. *U.S. v. Cox*, 593 F.2d 46, 48 (6th Cir. 1979); *U.S. v. Wasman*, 641 F.2d 326, 327 (5th Cir. 1984). The evidence in this case is sufficient to show that Defendant did, in fact, adopt a new name with fraudulent intent. Defendant would not have been able to obtain a passport in his real name because he was on federal parole. Further, he did not only give a false name in his passport application, but he also gave a different date of birth, a different social security number, a different birth certificate and he changed his parents' names. These are all indicators that Defendant was attempting to hide his

true identity because being on parole presents a number of difficult consequences for him. He even admitted to the Court that he "does not want to live with an X on his back." For these reasons, the Court holds that Defendant's argument that he is innocent of the charged offense is without merit and that there was a sufficient factual basis for Defendant's guilty plea. The Court's holding is bolstered by the fact that in three cases on which Defendant relies for this argument, the appellate court upheld the defendant's conviction for making a false statement on an application for a passport. *U.S. V. Amar*, 486 F. App'x 24, 27 (11th Cir. 2012); *U.S. v. Bryant*, 775 F.2d 1528, 1535 (11th Cir. 1985); *U.S. v. Mount*, 757 F.2d 1315, 1320 (D.C. Cir. 1985).

Defendant's mental competency argument for withdrawal of his plea fares no better. Defendant asserts that he suffers from bipolar disorder; however, the Magistrate Judge confirmed at the time of the plea, after conducting the requisite colloquy, that Defendant was competent to proceed and that he was knowingly and voluntarily entering a plea of guilty. (Doc. 45, Transcript of Plea Hearing, pp. 4–9). Defendant could have delayed the plea proceedings had he expressed concerns to the Magistrate Judge about his mental competency, but instead he chose to proceed. Defendant's counsel at the time also expressed no concerns about Defendant's competency and Defendant even stated to the court that he was satisfied with the advice and representation of his counsel. (*Id.* at 5–7). Further, Defendant's current counsel expresses no concerns about Defendant's mental competency and Defendant has never given the impression to this Court that he is mentally incompetent.

Defendant has consistently shown himself to be articulate and knowledgeable in his court proceedings. Nevertheless, because Defendant raised concerns about his mental competency to represent himself in this case at the last motion hearing held before the Court on April 19, 2018, the Court referred Defendant for a psychological evaluation pursuant to 18 U.S.C. § 4241 in order to determine his mental competency to proceed without counsel. (Docs. 51, 53). The

psychologist appointed by the Court issued a report that Defendant was, in fact, competent to stand trial, the parties' stipulated to the doctor's findings and then, after conducting a hearing on the matter, the Magistrate Judge found that Defendant was competent to proceed. (Doc. 66). For all of these reasons, the Court holds that Defendant's argument that his mental competency impacted the knowing and voluntary nature of his plea is meritless and, thus, it presents no fair and just reason for the withdrawal of his plea

    **ACCORDINGLY**, it is **ORDERED AND ADJUDGED**:

    Defendant's Motion to Withdraw Guilty Plea is **DENIED**.

    **DONE AND ORDERED** at Tampa, Florida, this July 2, 2018.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
*Pro se* parties
Counsel of Record